ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| AURELIO AYALA DE LEÓN<br><br>Peticionario<br><br>V.<br><br>EX PARTE | KLCE202401169 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Humacao<br><br>Caso Núm. HU2023CV01571<br><br>Sala: 207<br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece ante nosotros el Sr. Aurelio Ayala De León (en adelante, Sr. Ayala De León) solicitando la revisión de la *Orden* emitida el 5 de septiembre de 2024 y notificada el 18 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, "TPI").[1] Mediante dicha *Orden,* el TPI aclaró que, en la *Resolución de Reconsideración* de 10 de abril de 2024, únicamente se declaró "Ha Lugar" lo expuesto en el inciso 4 de la *Moción de Reconsideración.* Además, ordenó presentar una certificación registral de las fincas colindantes, especificando los nombres de las personas que aparecen como colindantes en el informe de mensura.[2] Asimismo, el TPI ordenó que se incluyera en el pleito, como partes con interés, a las personas que figuraban como propietarios en el registro del CRIM. Además, ordenó incluir a la Sucesión de Leoniso Ayala.

---

[1] Anejo 10 de la *Solicitud de Certiorari,* a la pág. 38.
[2] *Id.*

Número Identificador

RES2024_____

Por los fundamentos que expondremos, resolvemos denegar la expedición del auto de *certiorari*.

**I.**

En este caso, el 19 de octubre de 2023, el Sr. Ayala De León presentó una *Petición*[3] sobre expediente de dominio, solicitando que se declarara justificado su dominio sobre una finca ubicada en el barrio Playa Guayanés del municipio de Yabucoa, y que se ordenara su inscripción a su nombre en el Registro de la Propiedad. En específico, se alegó lo siguiente:

"[...]

2. Que el peticionario es dueño en pleno dominio de la propiedad que a continuación se describe y contrató al Agrimensor Daniel Rosario Díaz, quien está autorizado a ejercer la agrimensura con el número de licencia 15,527 para realizar una Mensura de la finca objeto de este Expediente de Dominio y luego de mensurada la propiedad, se describe así:

-----RÚSTICA: Predio de terreno localizado frente a la carretera PR-906 km 6.2 en el barrio Playa Guayanés del término municipal de Yabucoa, Puerto Rico. Su cabida superficial es de 2,214.7293 metros cuadrados equivalentes a 0.5635 de cuerda. Colinda por el NORTE en dos (2) alineaciones que suman 62.7535 metros lineales con terrenos de la Sucn. Fernando Irrizary Figueroa; por el SUR en una distancia de 65.5813 metros lineales con una franja de terreno dedicada a uso público para futuro ensanche de la carretera; por el ESTE en una distancia de 41.2724 metros lineales con otra finca del Sr. Aurelio Ayala de León y por el OESTE en una distancia de 32.3929 metros lineales con terrenos del Sr. Albertico Andújar Lugo.-------------------

3. Que el peticionario adquirió la antes descrita propiedad, siendo mayor de edad, soltero y vecino de Yabucoa, Puerto Rico, en el año 1962, mediante documento privado de su padre Leoncio Ayala, documento en estos momentos extraviado.

4. Que la propiedad antes descrita en el párrafo #2, no aparece inmatriculada en el Registro de la Propiedad y el peticionario trae este recurso de expediente de dominio para inscribirla a su nombre.

[...]

7. Que el peticionario se encuentra en la posesión material de la propiedad antes descrita a título de dueño, quieta, pública y pacíficamente, de buena fe, con

---

[3] Anejo 1 de la *Solicitud de Certiorari*, a las págs. 1-3.

justo título y sin interrupción desde que la adquirió en el año 1962, ya hace más de treinta (30) años.

[...]

10. Que de la Mensura realizada surge que los colindantes son los siguientes:

Por el Norte:
a. Sucn. Fernando Irrizary Figueroa, HC 2 BOX 8270, Yabucoa PR 00767

Por el Sur:
a. Carretera Estatal 906

Por el Este:
a. Sr. Aurelio Ayala de León (Peticionario)

Por el Oeste:
a. Sr. Albertico Andújar Lugo, PO BOX 1705, Yabucoa PR 00767."

Tras considerar la petición presentada, el 10 de enero de 2024, el TPI emitió una *Orden de Citación Personal y por Edicto*, ordenando que se citara, por correo certificado con acuse de recibo o en persona, al Fiscal de Distrito, al Secretario de Transportación y Obras Públicas, al Alcalde del Municipio de Yabucoa, y a las personas que estuvieran en posesión de las fincas colindantes, en particular a Aurelio Ayala De León y Albertico Andújar Lugo, así como los herederos de la Sucesión de Fernando Irizarry Figueroa, si estos eran conocidos.[4] En caso de que los herederos fueran desconocidos, debían ser citados mediante edicto, al igual que cualquier persona ignorada o desconocida que pudiera verse afectada por la inscripción solicitada. También se ordenó citar personalmente a los dueños anteriores, en particular a Agustín Caraballo Rivera o a sus herederos si eran conocidos; de lo contrario debían ser citados mediante edicto.[5]

Luego de varios trámites procesales,[6] el 26 de marzo de 2024, se celebró una *Vista,* mediante video conferencia, en la cual estuvo presente el abogado de la parte peticionaria acompañado de los

---

[4] Anejo 2 de la *Solicitud de Certiorari*, a la pág. 10.
[5] *Id.*
[6] Anejos 3-5 de la *Solicitud de Certiorari*, a las págs. 11-24.

testigos Sara Navarro Lazú y Antonio de Jesús Morales, colindantes, y Daniel Rosario, agrimensor.[7] También estuvo presente el Ministerio Público. Durante la vista, el TPI ordenó, en corte abierta, lo siguiente:

> "1. Diez días para presentar proyecto de emplazamiento por edicto dirigido a la sucesión, quien adquirió del anterior dueño.
>
> 2. Diez días para notificar proyecto de emplazamiento personal para ser expedida a Alberto Andújar.
>
> 3. Certificación Registral de las fincas colindantes.
>
> 4. Presentar comunicación del Departamento de Transportación y Obras Públicas.
>
> 5. Emitirá orden al Municipio para que en 10 días perentorios se exprese.
>
> 6. Notificar evidencia de la Mensura. Se exhorta verificar con el Agrimensor la evidencia, toda vez el Estado se ha reservado el fallo. No se ha acreditado se notificó al DTOP. Requiere en 10 días presente evidencia. A su vez, el Ministerio Público solicita se notifique a las partes y al Municipio también."[8]

Finalizada la vista, el TPI dispuso lo siguiente:

> "[...] el Tribunal reitera el inciso 1, 2 y 3. En relación con el 4, hace constar cumplió y se elimina. El 5 se cambia a 4 y el 6 a 5. Explica a las partes han trabajado varios asuntos, se ha requerido por parte del Tribunal y Ministerio Público. Se transfiere la Vista para el 5 de junio de 2024, a las 2:00 de la tarde por videoconferencia. De interesar de manera presencial, mediante moción."[9]

El 10 de abril de 2024, el Sr. Ayala De León presentó una *Moción de Reconsideración,*[10] la cual fue declarada "Ha Lugar" por el TPI mediante la *Resolución de Reconsideración* emitida el 10 de abril de 2024 y notificada el 19 de abril de 2024.[11]

La *Vista* pautada para el 5 de junio de 2024, se celebró finalmente el 5 de septiembre de 2024.[12] De la *Minuta* de la vista surge lo siguiente:

---

[7] Anejo 6 de la *Solicitud de Certiorari,* a las págs. 25-26.
[8] *Íd.*, pág. 26.
[9] *Íd.*
[10] Anejo 7 de la *Solicitud de Certiorari,* a las págs. 27-34.
[11] Anejo 8 de la *Solicitud de Certiorari,* a la pág. 35.
[12] Anejo 9 de la *Solicitud de Certiorari,* a las págs. 36-37.

"En cuanto a la resolución de la moción de reconsideración, el Juez aclara que era su intención declarar Ha Lugar sólo la notificación del Secretario de Justicia. Indica se estará emitiendo resolución para corregir la que había emitido anteriormente, porque no era la intención declarar la solicitud ha lugar. En cuanto a las certificaciones registrales que se han identificado, se debe presentar la de las fincas colindantes y bajo el nombre de las personas que aparecen como colindantes en el informe de mesura, se debe traer como parte con interés a la persona que aparece como propietario en el registro del CRIM y debe acumular en el pleito a la sucesión de Leonisio Ayala."

Esta aclaración se consignó en la *Orden – Peticionario* emitida el 5 de septiembre de 2024 y notificada el 18 de septiembre de 2024. En dicha orden, el TPI dispuso lo siguiente:

"Se aclara que era la intenci[ó]n de este Tribunal declarar Ha Lugar [ú]nicamente lo argumentado en el inciso n[ú]mero 4 de la Moci[ó]n de Reconsideraci[ó]n [21] en la Resoluci[ó]n en Reconsideraci[ó]n [22]. As[í] las cosas, debe presentar certificaci[ó]n registral.

1. De las fincas colindantes y bajo el nombre de las personas que aparecen como colindantes en el informe de mesura.

2. Debe traer como parte con inter[é]s a la persona que aparece como propietario en el registro del CRIM.

3. Debe acumular en el pleito a la sucesi[ó]n de Leonisio Ayala."[13]

El 23 de septiembre de 2024, el Sr. Ayala De León presentó una *Moción de Reconsideración,* solicitando que se reconsiderara lo dispuesto en cuanto a la presentación de las certificaciones registrales de las fincas colindantes, al considerar que se trataba de un requisito adicional no contemplado por el Artículo 185 de la Ley Núm. 210-2015, *infra.*[14]

Mediante *Orden* emitida el 1 de octubre de 2024 y notificada el 2 de octubre de 2024, el TPI declaró "No Ha Lugar" la *Moción de Reconsideración* presentada por el el Sr. Ayala De León.[15]

---

[13] Anejo 10 de la *Solicitud de Certiorari,* a las pág. 38.
[14] Anejo 11 de la *Solicitud de Certiorari,* a las págs. 39-42.
[15] Anejo 12 de la *Solicitud de Certiorari,* a la pág. 43.

En desacuerdo con esta determinación, el Sr. Ayala De León acudió ante nosotros el 24 de octubre de 2024 mediante la presente *Solicitud de Certiorari*. En su escrito, señala que el TPI cometió el error siguiente:

> Erró el Tribunal de Primera Instancia al ordenar al peticionario presentar una Certificación Registral de las fincas colindantes y bajo el nombre de las personas que aparecen como colindantes en el informe de mesura.

El 29 de octubre de 2024, emitimos una *Resolución* concediéndole un término de diez (10) al Procurador General para exponer su posición respecto al recurso.

Transcurrido el término concedido al Procurador General para exponer su posición respecto al recurso, procedemos a resolver sin contar con el beneficio de su posición.

**II.**

**A.**

El Artículo 4.006 de la Ley Núm. 201-2003, según enmendada, *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, 4 LPRA sec. 24y, establece que el Tribunal de Apelaciones conocerá, "[m]ediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia." El *certiorari* ha sido definido por el Tribunal Supremo como "un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido." *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

La expedición de un recurso de *certiorari* para revisar órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia está limitada por la Regla 52.1 de Procedimiento Civil, 32

LPRA Ap. V, R. 52.1. Esta Regla establece que el recurso de *certiorari* "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo." *Íd.* Por excepción a lo dispuesto anteriormente, la Regla 52.1 de Procedimiento Civil, *supra*, también autoriza la revisión mediante *certiorari* de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre los asuntos siguientes: la admisibilidad de testigos de hechos o peritos esenciales; asuntos relativos a privilegios evidenciarios; anotaciones de rebeldía; en casos de relaciones de familia; en casos que revistan interés público, o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[16] *Íd.* De esta forma, se reconoce, según explica el Profesor Hernández Colón, "que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 533.

Conforme establece la Regla 52.1 de Procedimiento Civil, *supra*, "[c]ualquier otra resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia podrá ser revisada mediante el recurso de apelación que se presente contra la sentencia final dictada por el Tribunal de Primera Instancia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales."

---

[16] Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra*, mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010.

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209, citando a *IG Builders et al. v. BBVAPR*, supra, pág. 338. En el ámbito judicial, el concepto discreción ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera." *IG Builders et al. v. BBVAPR*, supra, pág. 338; *García v. Padró*, 165 DPR 324, 334-335 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

El Tribunal Supremo ha señalado que la discreción del Tribunal de Apelaciones para expedir un auto de *certiorari* no debe ejercerse de manera aislada en abstracción del resto del Derecho. *Íd*. En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que el Tribunal de Apelaciones deberá tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

> "El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Lo anterior implica que la determinación de expedición del auto de *certiorari* deber ser evaluada en el contexto de todos los derechos aplicables y bajo las pautas específicas que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* proporciona.

**B.**

El expediente de dominio es un procedimiento especial establecido en la Ley Núm. 210-2015, según enmendada, conocida como *"Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico",* 30 LPRA secs. 6291-6298, (en adelante, "Ley del Registro de la Propiedad"). Este procedimiento permite que todo propietario que carezca de título de dominio inscribible pueda realizar la inscripción de dicho dominio en el registro. Se trata de un procedimiento judicial *ex parte. Sánchez González v. Registrador,* 106 DPR 361 (1977). En otras palabras, el expediente de dominio es un "acto de jurisdicción voluntaria" que procede siempre y cuando no exista controversia entre partes conocidas y determinadas. *Benítez v. Registrador,* 71 DPR 563, 568 (1950). Este proceso no declara derechos, sino que simplemente justifica el dominio de promovente. En este sentido, el juez está limitado a declarar si el dominio de los bienes está justificado o no. L. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 2da ed., San Juan, Jurídica Editores, 2002, pág. 342.

En caso de que, durante el procedimiento de expediente de dominio, surja una controversia sobre la validez del título o los derechos dominicales del peticionario, esta deberá resolverse dentro del propio expediente de dominio, el cual perderá su naturaleza *ex parte* y se convertirá en un juicio contencioso. Rivera Rivera, *op cit.,* pág. 347, citando el caso *Ríos v. Tribunal Superior,* 77 DPR 79, 83

(1954). En este sentido, el Artículo 191 de la Ley del Registro de la Propiedad, *supra,* dispone que, "[e]n caso de que una de las personas citadas se oponga a la acreditación del título propuesto por el solicitante y alegue que tiene un mejor derecho que el promovente, se entenderá convertido el procedimiento de expediente de dominio en un juicio contencioso ordinario."

Por otro lado, el Artículo 185 de la Ley del Registro de la Propiedad, *supra,* establece lo siguiente:

"Todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. [...]

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
a. Alcalde del municipio en que radiquen los bienes.
b. Secretario de Transportación y Obras Públicas.
c. Fiscal de Distrito.
d. Las personas que están en la posesión de las fincas colindantes.

El tribunal ordenará la citación personal de los siguientes:
a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.
b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.
El tribunal ordenará la citación mediante edicto de los siguientes:
a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.
b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

3. Forma, plazo y contenido del edicto:
El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho.

Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden.

En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

4. La intervención del Secretario de Transportación y Obras Públicas, o en su defecto, de los organismos públicos afectados, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio en que radiquen los bienes, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio que se trate. El Ministerio Fiscal velará, además, por el debido cumplimiento de la ley.
[…].”

En relación con los requisitos establecidos por la Ley del Registro de la Propiedad, se ha determinado que estos son de cumplimiento estricto. *Sucesión Melenez v. Almodovar,* 70 DPR 527 (1949).

En cuanto a la vista y la declaración del tribunal, el Artículo 187 de la de la Ley del Registro de la Propiedad, *supra*, dispone lo siguiente:

“Transcurrido el término de veinte (20) días después de la publicación del edicto, a petición del promovente, el tribunal celebrará una vista para atender las reclamaciones y pruebas que se presenten.

De no haber oposición, el promovente presentará la prueba que acredite el cumplimiento de todos los requisitos contenidos en el Artículo anterior.

El testigo o los testigos presentados testificarán bajo su responsabilidad sobre los hechos que les consten de propio conocimiento.

El tribunal, en vista de lo alegado por el promovente y los demás interesados, y evaluando las pruebas presentadas, declarará sin más trámites si está justificado el dominio sobre los bienes objetos del procedimiento.”

Una vez el tribunal emite su determinación sobre la justificación del dominio, el Artículo 188 de la Ley del Registro de la Propiedad, *supra*, dispone que “[e]l promovente, el Fiscal, el Alcalde,

el Secretario de Transportación y Obras Públicas o cualquiera otro organismo público afectado, y los demás interesados", podrán apelar la resolución emitida por el tribunal.

**III.**

En su *Solicitud de Certiorari*, el Sr. Ayala De León señala que el Tribunal de Primera Instancia cometió un error al ordenarle presentar una certificación registral de las fincas colindantes, especificando los nombres de las personas que aparecen como colindantes en el informe de mensura.

Tras evaluar el presente recurso de *certiorari* a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, hemos determinado que no procede su expedición. No encontramos que el foro primario haya incurrido en arbitrariedad, perjuicio, parcialidad o error manifiesto ni que la decisión recurrida contravenga derechos.

Consideramos que este no es el momento adecuado para intervenir en el caso. La orden recurrida no deniega la solicitud de expediente de dominio por la falta de las certificaciones registrales de las fincas colindantes. Más bien, se trata de una orden interlocutoria solicitando estos documentos adicionales con el fin de agilizar o facilitar el proceso, proporcionando al Tribunal información más detallada y precisa sobre la propiedad en cuestión. Otra sería nuestra postura si se estuviera denegando la solicitud por este fundamento, debido a que no son requisitos exigidos por ley para justificar el dominio de una propiedad mediante este mecanismo.

En línea con esta determinación, es importante señalar que, en cuanto a la denegatoria de un recurso de *certiorari* por un tribunal de apelaciones, el Tribunal Supremo de Puerto Rico ha destacado que dicha acción no prejuzga los méritos del caso o la cuestión planteada, pudiendo ello ser reproducido nuevamente

mediante el correspondiente recurso de apelación. *García v. Padró,* supra, pág. 336. De esta forma, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito en el foro primario. *Íd.*; *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 755-756 (1992).

**IV**

Por los fundamentos anteriormente expuesto, resolvemos denegar la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones